IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UZOMA KALU                                          )
1678 Parkgate Rd.                                   )
Columbus, Ohio   43229                              )
                                                    )
            Plaintiff,                              )
                                                    ) Civil Action # 14-998
       v.                                           )
                                                    )
INTERNAL REVENUE SERVICE                            )
1111 Constitution Ave., NW                          )
Washington, D.C.   20224                            )
                                                    )
and                                                 )
                                                    )
TRANSPORTATION SECURITY ADMINISTRATION )
601 S. 12th St.                                     )
Arlington, VA 20598                                 )
                                                    )
and                                                 )
                                                    )
FEDERAL BUREAU OF INVESTIGATION                     )
935 Pennsylvania Ave., NW                           )
Washington, DC 20535                                )
                                                    )
            Defendants.                             )
_____           )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## I. INTRODUCTION

1.  Plaintiff Uzoma Kalu ("Plaintiff") hereby brings this action seeking declaratory

and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendants Internal Revenue Service ("IRS"), Transportation Security Administration ("TSA"), and Federal Bureau of Investigation ("FBI"), in failing to provide Plaintiff with all non-exempt records responsive to her FOIA requests submitted to each of these federal agencies.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff Uzoma Kalu, is an individual who, at all times relevant herein, has resided in Columbus, Ohio, which is located in Franklin County, Ohio.

5.   Defendants Internal Revenue Service, Transportation Security Administration, and  Federal Bureau of Investigation ("FBI") are federal agencies of the United States, and as such, are each subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with

agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.  FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.  FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.  FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of agency records improperly withheld from the complainant, and also provides jurisdiction for the federal court to review whether an agency has properly denied a request for a fee waiver. *See* 5 U.S.C. § 552(a)(4)(B).

11.   Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C.
§ 552(a)(4)(B).

12.   Pursuant to FOIA, this Court may assess attorney fees and litigation costs
against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

### Internal Revenue FOIA Request

13.   On or about June 26, 2013, Plaintiff, by and through her attorney Daniel J.
Stotter of Stotter & Associates LLC, sent a FOIA request to the IRS FOIA Office in
Chamblee, Georgia, seeking copies of "All IRS records, excluding any tax filings, listing
my client's name (Uzoma Kalu), or otherwise describing or discussing my client (Ms.
Kalu), from January, 2007 to the date of this record request, located within any IRS
system of records or documents, created or generated in any form or format, including
any photographs, hand- written notes, emails, phone logs, spread sheets, or any other
forms of records that are responsive to this record request."  This FOIA request indicated
that Plaintiff was not seeking tax filing records from the agency for this record request.

14.   On or about July 24, 2013, in response to a telephone call from Ms. Robles of
the IRS Disclosure Office 10, in Denver Colorado, Plaintiff's attorney Daniel Stotter sent
correspondence to Ms. Robles, at the IRS Disclosure Office 10, providing the agency
with a signed original of Plaintiff's Form 2848 Power of Attorney and Declaration to
support her June 26, 2013 FOIA request to the IRS.  In this correspondence, Plaintiff's

attorney also indicated to the IRS FOIA officer that he had been provided authority from

Ms. Kalu to pay up to $30 in processing costs for this FOIA request, and expressly

requested a follow-up communication from the agency if the anticipated fees for

processing this FOIA request would exceed that sum.  In addition, this correspondence

provided further clarification as to the scope of records that were sought by this FOIA

request.  Plaintiff's attorney explained:  "As we discussed, this FOIA request would

include (but is not limited to) any communications from any third parties or other

agencies (local, state or federal) requesting information about Ms. Kalu, or making any

comments about Ms. Kalu, or otherwise involving any queries or investigations regarding

Ms. Kalu, within any records in the possession or control of the IRS."  This letter, and a

copy of the completed Form 2848 Power of Attorney and Declaration of Representative

was mailed to Ms. Robles on July 24, 2013, and also sent via facsimile, along with this

attachment, to Ms. Robles on July 25, 2013.

15.  On or about July 31, 2013, in response to a voice message from Ms. Robles to

Plaintiff's attorney's office,  indicating that there were "deficiencies" with Plaintiff's

completed Form 2848 Power of Attorney and Declaration of Representative, Plaintiff's

attorney, Daniel J. Stotter, sent a follow-up correspondence to Ms. Robles, via both U.S.

mail and via facsimile, indicating that if there were any issues or concerns as to Plaintiff's

FOIA request, or the completed Form 2848 Power of Attorney and Declaration of

Representative submitted to the IRS FOIA office for this records request, that the IRS

FOIA Office should send a written communication to Plaintiff's attorney, specifically

listing or describing any issue(s) of concern, and providing 35 days for Plaintiff to

address any concerns by the agency pursuant to 16 CFR 601.702(c)(5)(iii) of the IRS

FOIA regulations.  This July 31, 2013 letter from Plaintiff's attorney also noted that

according to IRS FOIA regulations, Form 2848 is only required for a record requester

seeking tax records, whereas Plaintiff's June 26, 2013 FOIA request expressly stated that

Plaintiff was not seeking any tax records, and expressly excluded any tax records from the

scope of her FOIA request.

16.  On or about August 6, 2013, Ms. Anna Marie Robles , Senior Disclosure

Specialist for the IRS Disclosure Office 10, sent correspondence to Plaintiff's attorney,

indicating that the agency would need additional time to complete its search for

responsive records to Plaintiff's FOIA request, that the agency was extending its statutory

response date to August 21, 2013, and stating that after that date, Plaintiff could elect to

file a lawsuit if dissatisfied with the agency's failure to timely respond to her June 26,

2013 FOIA request.

17.   On or about August 6, 2013, Ms. Anna Marie Robles , Senior Disclosure

Specialist for the IRS  Disclosure Office 10, sent an additional correspondence to

Plaintiff's attorney, stating that "Tax records are confidential and may not be disclosed

unless specifically authorized by law."  This letter also stated that "We must receive

Uzoma Kalu's written consent before we can consider releasing the information you

COMPLAINT                                            - 6 -

requested." This letter further stated Plaintiff Kalu needed to specifically describe the type of tax return records, and the taxable period or year for the tax records she was seeking, and also stated: "Although you have submitted a Form 2848 signed by your client, it did not specify the type of return or return information to be disclosed and the taxable period or year covered." This IRS response also indicated that the IRS would not process Plaintiff's request until a "perfected Form 2848 is received."

18. On or about August 16, 2013, Ms. Anna Marie Robles , Senior Disclosure Specialist for the Internal Revenue Service's Disclosure Office 10, sent an additional correspondence directly to Plaintiff Kalu, indicating that Plaintiff's FOIA June 26, 2013 FOIA request "does not meet the FOIA requirements for establishing your identity." Ms. Robles provided  copies of Plaintiff's "Individual Master File Transcripts [of tax filings] for the year 2007 through 2012" along with this correspondence to Plaintiff Kalu.

19. On or about September 5, 2013, Plaintiff's attorney Daniel J. Stotter sent a further follow-up to Ms. Anna Marie Robles , Senior Disclosure Specialist for the IRS Disclosure Office 10, once again noting that Plaintiff "does not seek any tax records for this FOIA request" to the IRS." In addition, Plaintiff's attorney attached with this correspondence a revised fully executed Form 2848 Power of Attorney and Declaration of Representative, signed by Plaintiff Kalu, providing Plaintiff's express authorization to the IRS for communication on all matters pertaining to Plaintiff's June 26, 2013 FOIA request with Plaintiff's attorney, Daniel J. Stotter, Stotter & Associates LLC. This

correspondence was sent  to Ms. Robles on September 5, 2013, via both US Mail and via facsimile to her office.

20.   On or about September 25, 2013, Delphine V. Thomas, Senior Disclosure Specialist for the Internal Revenue Service's Disclosure Office 2, sent correspondence to Plaintiff's attorney responding to Plaintiff's September 25, 2013 correspondence described in the paragraph above, indicating that the agency was interpreting the follow-up letter sent by Plaintiff's attorney for Plaintiff's June 26, 2013 FOIA request as being a new FOIA request, and noting that she was "responding to your Freedom of information Act (FOIA) request dated September 5, 2013 that we received on September 10, 1013." Ms. Thomas's letter further stated: "You submitted an identical request dated June 26, 2013.  We responded to you on August 6, 2013, reference case number F13192-0008." Ms. Thomas's correspondence of September 25, 2013 did not address any of the issues raised by Plaintiff's attorney in his follow-up letter of September 5, 2013 regarding the agency's processing of Plaintiff's June 26, 2013 FOIA request.

21.   On or about October 4, 2013, Plaintiff's attorney Daniel J. Stotter sent an additional follow-up correspondence to both Delphine Thomas at the IRS Disclosure Office 2, and to Anna Marie Robles, at the IRS Disclosure Office 10, explaining to both IRS FOIA officers that the September 25, 2013 follow-up letter from Plaintiff's attorney was not a new FOIA request, and was in fact a follow-up letter regarding Plaintiff's June 26, 2013 FOIA request. This letter from Plaintiff's counsel also requested that the IRS

comply with its statutory duties by processing Plaintiff's June 26, 2013 FOIA request, by

promptly providing the responsive records sought by Plaintiff without any further delay.

22.   On or about October 25, 2013, Jeffrey V. Austin, Disclosure Manager

Specialist for the IRS  Disclosure Office 2, sent correspondence to Plaintiff's attorney

responding to Plaintiff's October 4, 2013 correspondence described in the paragraph

above, indicating that the agency was interpreting the follow-up letter sent by Plaintiff's

attorney regarding Plaintiff's June 26, 2013 FOIA request as a new FOIA request, and

expressly indicating that he was "responding to your Freedom of information Act (FOIA)

request dated October 4, 2013 that we received on October 18, 2013."   This

correspondence from the IRS once again provided an identical copy of the text from the

agency's August 6, 2013 letter from Ms. Robles described in paragraph 17 above, once

again stating that "Tax records are confidential and may not be disclosed unless

specifically authorized by law."  This letter also once again stated that "We must receive

Uzoma Kalu's written consent before we can consider releasing the information you

requested."  This letter also once again stated that Plaintiff needed to specifically describe

the type of tax return records and taxable period or year for the tax records she was

seeking, and provided a blank copy of Form 2848, Power of Attorney and Declaration of

Representative for Plaintiff to complete for processing this FOIA request.

23.   On or about November 6, 2013, Plaintiff's attorney Daniel J. Stotter sent an

additional follow-up correspondence to both Delphine Thomas at the IRS Disclosure

Office 2, and to Anna Marie Robles, at the IRS Disclosure Office 10, once again explaining to both IRS FOIA officers that the September 25, 2013 follow-up letter from Plaintiff's attorney was not a new FOIA request, and was in fact a follow-up letter regarding Plaintiff's June 26, 2013 FOIA request, and requesting that the IRS comply with its statutory duties by processing Plaintiff's June 26, 2013 FOIA request, and promptly provide the responsive records sought by Plaintiff without further delay. This correspondence also noted that Plaintiff would like to broaden the applicable time period for her June 26, FOIA request, by seeking all responsive records from June, 2000 to the present

24.  On or about December 5, 2013, Delphine Thomas, Disclosure Specialist for the IRS Disclosure Office 2, sent correspondence to Plaintiff's attorney responding to Plaintiff's November 6, 2013 correspondence described in the paragraph above, indicating that the agency was interpreting the follow-up letter sent by Plaintiff's attorney as a new FOIA request, and that she was "responding to your Freedom of information Act (FOIA) request dated November 6, 2013 that we received on November 12, 1013."  This correspondence stated that Internal Revenue Code section 6103(a) "prevents the Service from disclosing the requested information without the const of the taxpayer. " This correspondence also stated: "We will not reply to future letters concerning these issues."

25.  To date, the IRS  has failed and refused to process Plaintiff's June 26, 2013 FOIA request , failed to provide any responsive records  to Plaintiff's June 26, 2013

FOIA request, and failed and refused to issue a final decision as to Plaintiff's June 26,

2013 FOIA request to this agency.

26. Plaintiff has fully exhausted her administrative remedies, as required by FOIA,

prior to seeking judicial review in this matter.

### Transportation Security Administration FOIA Request

27. On or about June 27, 2013, Plaintiff, by and through her attorney Daniel J.

Stotter, of Stotter & Associates LLC, sent a FOIA request, via email, to the

Transportation Security Administration's FOIA Office, seeking copies of "All records

listing my client's name (Uzoma Kalu), or otherwise describing or discussing my client

(Ms. Kalu), from January, 2007 to the date of this record request, located within any TSA

system of records or documents, created or generated in any form or format, including

any photographs, hand- written notes, emails, phone logs, spread sheets, or any other

forms of records that are responsive to this record request."

28. On or about June 27, 2013, the TSA's FOIA office sent an email to Plaintiff's

attorney, Daniel J. Stotter, confirming that the TSA had received Plaintiff's FOIA request.

29. On or about July 8, 2013, Ms. Aeron J. Pineiro, the Operations Manager from

the TSA's Freedom of informtation Act Branch, sent a correspondence to Plaintiff's

attorney, Daniel J. Stotter, acknowledging the agency's receipt of Plaintiff's FOIA

request on June 27, 2013.  This correspondence also indicated that the TSA required a

statement from Ms Kalu, verifying her identity and certifying that the records requested

could be released to Plaintiff's attorney, Daniel J. Stotter, to "perfect" this FOIA request.

This correspondence included a blank affirmation / declaration form, and requested that

Plaintiff Kalu complete this form, and return it to the TSA's FOIA office in order to

initiate the agency's processing of this FOIA request, and stated that  this form could be

sent via either facsimile or via mail to the TSA's FOIA Office.

30.   On or about June 27, 2013, Plaintiff's attorney, Daniel J. Stotter, sent a cover

letter to the TSA's FOIA office, along with a completed, signed, and notarized TSA

Affirmation / Declaration from Ms. Kalu, authorizing her attorney's access to the records

requested by Plaintiff's June 27, 2013 FOIA request.  This cover letter and authorization

was sent via US Mail and facsimile to the TSA's FOIA Division in Arlington, Virginia.

31.   On or about August 14, 2013, Geraldine Lewis, of the TSA's FOIA Office,

sent an email to Plaintiff's attorney Daniel J. Stotter, indicating that the TSA FOIA Office

needed some clarification on Plaintiff's FOIA request, and stated "we need to know the

topic / reason for the request (ie: credential problems, flight issues, TSA employee issues

...)".

32.   On or about August 27, 2013, Plaintiff's attorney Daniel J. Stotter, sent an

email response to Ms. Lewis and the TSA FOIA Office, restating the scope of Plaintiff's

June 27, 2013 FOIA request, and indicating that Plaintiff sought all responsive records to

this FOIA request, including, but not limited to, any records for each of the categories

suggested in the TSA's email described in the paragraph above, as well as any other

responsive records as to any other subject matter within the scope of her June 27, 2013

FOIA request.  In this email, Plaintiff's attorney also reminded the TSA that a FOIA

requester is not required to provide an agency with information as to their "purpose" for

seeking records pursuant to a FOIA request, and noted that the initial FOIA request had

indicated a purpose in promoting government transparency, and to reflect President

Obama's commitment to support open government, as set forth in the President's January

21, 2009 Executive Order.

33.  On or about November 7, 2013, Plaintiff's attorney, Daniel J. Stotter, sent an

email to the TSA's FOIA Office, indicating that Plaintiff would like to modify the

applicable time frame for the records requested in her June 27, 2013 FOIA request, to

include all responsive records from January 2002 to present.

34.  On or about January 9, 2014, Yvonne L. Coates, Branch Manager for the

TSA's Freedom of Information Act Branch, sent correspondence to Plaintiff's attorney

Daniel J. Stotter, stating that the TSA could neither confirm nor deny the existence of any

responsive records to Plaintiff's June 27, 2013 FOIA request.

35.  On or about January 30, 2014, Plaintiff's attorney Daniel J. Stotter submitted

an administrative appeal, on behalf of Plaintiff, of the TSA's January 9, 2014 FOIA

decision, to Ms. Kimberly Walton, Assistant Administrator of the TSA's Office of Civil

Rights & Liberties, Ombudsman and Traveler Engagement, in Arlington, Virginia, via

U.S. Certified Mail.

36.  To date, the TSA  has failed to issue a decision or respond to Plaintiff's

January 30, 2014 administrative appeal, or to provide any responsive records to Plaintiff's

June 27, 2013 FOIA request sent to this federal agency.

37.  Plaintiff has fully exhausted her administrative remedies, as required by FOIA,

prior to seeking judicial review in this matter.

<u>Federal Bureau of Investigation FOIA Request</u>

38.  On or about November 12, 2013, Plaintiff, by and through her attorney Daniel

J. Stotter, of Stotter & Associates LLC, sent a FOIA request to the FBI's Record /

Information Dissemination office in Winchester, Virginia, seeking copies of:  "All

records listing my client's name (Uzoma Kalu), or otherwise describing or discussing my

client (Ms. Kalu), from January, 1995 to the date of this record request, located within

any FBI system of records or documents that were created or generated in any form or

format, including any photographs, maps, diagrams, hand- written notes, diagrams,

emails, phone logs, spread sheets, or any other forms of records that are responsive to this

record request."  This FOIA request was sent via US Mail and via email to the FBI on

November 12, 2013.

39.  On or about December 2, 2013, David Harvey, Section Chief of the  FBI's

Record / Information Dissemination office sent a response to Plaintiff's attorney

regarding Plaintiff's November 12, 2013 records request, indicating that the FBI was

"unable to identify main file records responsive to the FOIPA."  This response to

Plaintiff's FOIA request also noted that Plaintiff had the right to appeal the FBI's decision by filing an appeal to Office of Information Policy (OIP), U.S. Department of Justice ("DOJ") within sixty days of the FBI's December 2, 2013 decision.

40.   On or about December 23, 2013, Plaintiff's attorney, Daniel J. Stotter, filed an administrative appeal on behalf of Plaintiff, via U.S. Mail to the Office of Information Policy ("OIP"), U.S. Department of Justice , challenging the FBI's December 2, 2013 decision on Plaintiff's FOIA request to that agency.

41.   On or about January 10, 2014, Ms. Priscilla Jones, Supervisory Administrative Specialist for the DOJ OIP sent a letter to Plaintiff's attorney, acknowledging that Plaintiff's administrative appeal was received by their office on December 31, 2013, and had been assigned as FOIA appeal number AP-2014-01139.

42.   On or about April 2, 2014,   Sean R. O'Neill, Chief Administrative Appeals Staff , and Anne D. Work, Senior Counsel, of the DOJ OIP's Administrative appeals Staff, sent correspondence to Plaintiff's attorney, indicating that the DOJ OIP was affirming the FBI's  December 2, 2013 decision as to Plaintiff's  June 26, 2013 FOIA request.

43.   To date, the FBI has failed and refused to provide Plaintiff with  any responsive records to her November 12, 2013 FOIA request to the FBI.

44.   Plaintiff has fully exhausted her administrative remedies, as required by FOIA, prior to seeking judicial review in this matter.

## VII. CLAIMS FOR RELIEF

### First Claim - Internal Revenue Service Violations of FOIA

45.  Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 26 previously set forth herein.

46.  Defendant IRS  has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her June 26, 2013 FOIA request, by failing and refusing to process Plaintiff's June 26, 2013 FOIA request as required by FOIA and the IRS's FOIA implementing regulations, and by failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

47.  By failing to provide Plaintiff with all non-exempt responsive records to her June 26, 2013 FOIA request,, failing to process Plaintiff's FOIA request, and failing to perform an adequate search for responsive records, Defendant has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

48.  Defendant's actions, in failing and refusing to process Plaintiff's June 26, 2013 FOIA request, are both contrary to law, and are arbitrary and capricious.

49.  Unless enjoined by this Court, Defendant IRS will continue to violate Plaintiff's  legal rights to be provided with copies of the records that she has requested in her FOIA request of June 26, 2013.

50.  Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to her June 26, 2013 FOIA request to the IRS.

51.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

52.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### Second Claim - Transportation Security Administration Violations of FOIA

53.  Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 27 -37, previously set forth herein.

54.  Defendant TSA has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her June 27, 2013 FOIA request, and by failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

55.  By failing to provide Plaintiff with all non-exempt responsive records to her June 27, 2013 FOIA request, and failing to perform an adequate search for responsive records, Defendant has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

56.  Unless enjoined by this Court, Defendant TSA will continue to violate Plaintiff's  legal rights to be provided with copies of the records that she has requested in her June 27, 2013 FOIA request

57.  Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to her June 27, 2013 FOIA request to the TSA.

58.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

59.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### Third Claim - Federal Bureau of Investigation Violations of FOIA

60.  Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 12, and paragraphs 38- 43, previously set forth herein.

61.  Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for her November 12, 2013 FOIA request, and by failing to perform an adequate search for records responsive to this FOIA request in a manner reasonably calculated to locate all responsive records.

62.  By failing to provide Plaintiff with all non-exempt responsive records to her November 12, 2013 FOIA request, and failing to perform an adequate search for responsive records, Defendant has denied Plaintiff's right to this information as provided by law under the Freedom of Information Act.

63.  Unless enjoined by this Court, Defendant FBI will continue to violate Plaintiff's  legal rights to be provided with copies of the records that she has requested in her FOIA request of November 12, 2013 FOIA request

64.  Plaintiff is directly and adversely affected and aggrieved by Defendant FBI's failure to provide all responsive records to her November 12, 2013 FOIA request.

65.  Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

66.  Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1.  Declare Defendant IRS has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her June 26, 2013 FOIA request, by failing to process Plaintiff's FOIA request, and by failing to perform an adequate search for responsive records to this FOIA request, and that said actions by Defendant IRS are both contrary to law, and are also arbitrary and capricious.

2.  Direct by injunction that Defendant IRS process Plaintiff's June 26, 2013 FOIA request, perform an adequate search for responsive records, and provide Plaintiff with all non-exempt responsive records to Plaintiff's FOIA request.

3.  Declare Defendant TSA has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her June 27, 2013 FOIA request, and by failing to perform an adequate search for responsive records to this FOIA request.

4.   Direct by injunction that Defendant TS A perform an adequate search for responsive records to Plaintiff's June 27, 2013 FOIA request, and provide Plaintiff with all non-exempt responsive records to this FOIA request.

5.   Declare Defendant FBI has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to her November 12, 2013 FOIA request, and by failing to perform an adequate search for responsive records to this FOIA request.

6.   Direct by injunction that Defendant FBI provide Plaintiff with all non-exempt responsive records to Plaintiff's November 12, 2013 FOIA request.

7.   Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

8.   Provide such other relief as the Court deems just and proper.

DATED: This 11th day of June, 2014.

Respectfully submitted,

_____/S/_____

Daniel J. Stotter (WI0015)
STOTTER & ASSOCIATES LLC
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**